UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALLAH BURMAN, | ) | CASE NO.  4:09CV0948 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| J. T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Allah Burman's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Burman alleges his Presentence Report contained unreliable information provided by his probation officer, Timothy Johnson.  As a result, petitioner claims he is unlawfully being held in prison at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton).  Mr. Burman asserts "the Respondent must be stopped, from depriving a member of the Sovereign Body of his absolute right."  (Pet. at 3.)

*Background*

Mr. Burman asserts information was "gathered by Timothy Johnson (U.S. Probation Officer), on May 30, 2003, about 12:00 P.M., and on May 17, 2007 [which] has caused injuries of illegal confinement, the right of due process of law, the right of equal protection of law."  (Pet. at 2.)  The information provided by Mr. Johnson was "stamped as certified, with the Department of Justice seal on it."  (Pet. at 2.)  Petitioner protests that he never knowingly

consented "to any such arcane proceeding . . . , but was compelled to be an involuntary party." (Pet. at 2.) The balance of the petition sets forth several conclusory statements which fail to provide any support for a legal cause of action.

*28 U.S.C. § 2241*

It is clear Mr. Burman believes his conviction and sentence are invalid. Where, as here, a federal prisoner seeks to challenge the imposition of his or her sentence on grounds the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," the petitioner generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999). In fact, an application under 28 U.S.C. § 2255 is the exclusive post-conviction remedy for testing the validity of federal judgments and sentences, unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir.2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of ... detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.")

A federal prisoner may not challenge his or her conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Chandler, 180 F.3d at 755-56; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). The petitioner bears the burden of

2

showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir.1979).

While Mr. Burman is 'in custody' for the purpose of filing a habeas petition,[1] he has not met his burden of showing the inadequacy of filing a section 2255 motion. As a threshold matter, there is no indication he ever filed a § 2255 motion. If he had, the fact that § 2255 relief was already denied does not render his remedy under § 2255 inadequate or ineffective, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), nor does being denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). If petitioner did file an unsuccessful motion to vacate, the fact that relief under section 2255 is barred procedurally by the gatekeeping requirements of section 2255 also does not render his remedy under section 2255 inadequate or ineffective. See e.g., Chandler, 180 F.3d at 756.

Petitioner has failed to allege any basis upon which his remedy under § 2255 is either inadequate or ineffective to test the legality of his detention. As such, this court lacks subject matter jurisdiction to address the challenges he raises in his § 2241 petition.

*Conclusion*

Based on the foregoing, Mr. Burman's § 2241 petition is denied pursuant to 28 U.S.C. § 2243, but without prejudice to any §2255 motion petitioner may file in the sentencing

---

[1] See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa, 411 U.S. 345, 351 (1973)("Petitioner, who was released on his own recognizance pending execution of sentence, was 'in custody' for purposes of federal habeas corpus statute").

court.² The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.

                              S/Christopher A. Boyko
                              CHRISTOPHER A. BOYKO
                              UNITED STATES DISTRICT JUDGE

July 14, 2009

---

² In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.